■ In the Matter of .FRANKLIN B. RESSEGUIE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is a Binghamton attorney admitted to practice by this court in 1954. He was suspended by this court for a period of six months, effective May 23, 1988 (*Matter of Resseguie*, 138 AD2d 887) and has not applied for reinstatement. In this proceeding to discipline him for professional misconduct, both petitioner, the Committee on Professional Standards, and respondent move to confirm in part and disaffirm in part the report of the Referee to whom the issues were referred.

The petition contains 11 charges of professional misconduct. All stem from respondent's conduct in representing one Elizabeth Canfield and the heirs of one Herman Schneider in connection with a lawsuit to recover certain real property. This suit was settled with title to the property being deeded to Canfield with the consent of all parties, after which respondent sold the property and distributed the moneys received from the sale to the parties. The Referee sustained seven of the charges consisting of the following: three charges of failing to notify his clients of the receipt of funds belonging to them, failing to deposit such funds in an identifiable bank account, failing to maintain adequate records of such funds and to render appropriate accounts and failing to promptly pay such funds to his clients (charges I, II, III); and single charges of failing to maintain an escrow account for clients' funds (charge IV), charging a clearly excessive fee (charge V), continuing multiple employment which involved him in representing differing interests without the knowledge and consent of each of his clients (charge IX), and sharing a legal fee with a nonlawyer and settling similar claims of clients without obtaining the consent of each client to the settlement (charge X). After reviewing the evidence, we are in agreement with the Referee's findings as to these charges.

The Referee refused to sustain single charges that respondent acquired a proprietary interest in his clients' litigation (charge VI), communicated with adverse parties represented by lawyers without the lawyers' prior consent (charge VII), entered into a business transaction with clients with whom he had differing interests (charge VIII), and made contradictory statements at different times concerning the source of moneys he paid to a client and the explanation he gave for retaining

certain other moneys (charge XI). We are also in agreement with the Referee's refusal to sustain these charges. Accordingly, the motion and cross motion are granted to the extent that the Referee's findings are confirmed in all respects.

In determining an appropriate sanction for respondent's misconduct, we note that the charges alleging dishonesty, misrepresentation and fraud have not been sustained. Moreover, since respondent's suspension of May 23, 1988 for a period of six months has continued in effect for an additional period of 14 months, we consider this additional period of suspension adequate punishment for respondent's present misconduct.

Motion and cross motion granted to the extent that the Referee's findings are confirmed in all respects; respondent sanctioned in accordance with this decision. Kane, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.